UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
97 DEC 30 PM 4:37

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)   ENTERED  DEC 30 1997
vs. ) Civil Action No. CV97-S-2755-M
)
GULF STATES STEEL, INC., )
)
    Defendant. )

## MEMORANDUM OPINION

The United States commenced this action pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), on October 17, 1997. Its complaint alleged that Gulf States Steel, Inc. discharged pollutants into "Black Creek" (a navigable waterway in or about Gadsden, Alabama) in excess of permitted amounts.

The action presently is before the court on the motion to intervene filed by Jerry Williams. Mr. Williams seeks to intervene individually, "and on behalf of all persons similarly situated," to assert Clean Water Act claims and state law nuisance claims. His motion to intervene is based on § 505 of the Clean Water Act. That section is codified as 33 U.S.C. § 1365, and provides that an individual citizen may not commence an action under the Act if the United States:

> has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, <u>but in any such action in a court of the United States any citizen may intervene as a matter of right</u>.

28 U.S.C. § 1365(b)(1)(B)(emphasis supplied). A "citizen" further is defined as "a person or persons having an interest which is or may be adversely affected." *Id.* § 1365(g).

Williams may thus be permitted to intervene if he has "an interest which is or may be adversely affected." Williams states his "interest" as follows:

> Intervenor ... Jerry Williams is a life long resident of Gadsden and Etowah County, Alabama and has for many years used Lake Gadsden and its watershed for recreation and fishing and boating in Etowah County. In fact, the Intervenor has for many years derived income from fishing Lake Gadsden and its environs.

(Complaint in Intervention ¶ 2.) Williams alleges that Black Creek is a watershed of Lake Gadsden. (*Id.* ¶¶ 4, 9, 30.) Furthermore, he claims that:

> The illegal operation of Defendant's plant has caused the discharge of dangerous chemicals that can cause serious consequences [to] the Intervenor's health and has damaged him in that his ability to earn a living has been adversely affected as a result of the Defendant's unlawful actions.

(*Id.* ¶ 25.) Those allegations demonstrate that Williams has a sufficient interest to intervene. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Company, Inc.*, 73 F.3d 546, 558 (5th Cir. 1996)(finding sufficient interest where intervenor "canoed and participated in educational trips" near the point of discharge and planned to do so in the future). Accordingly, this court finds that the motion to intervene is due to be granted as to Williams in his individual capacity. *See* Fed.R.Civ.P. 24(a)(1).

The court interprets Williams' request to intervene "on behalf of all persons similarly situated" as an attempt to pursue a class

action. Yet, Williams' complaint in intervention fails to comply with Rule 23, *Fed.R.Civ.P.* The motion to intervene is thus due to be denied to that extent.

Finally, the "request" of the United States that this action be bifurcated, and that the Intervenor's state law nuisance claim be addressed separately from the government's Clean Water Act claim is denied.

An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 30th day of December, 1997.

_____
United States District Judge

3