UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
    and                         )
                                )
JERRY WILLIAMS,                 )
                                )
        Plaintiff-Intervenor    )
                                )
vs.                             )   Civil Action No. CV97-S-2755-M
                                )
GULF STATES STEEL, INC.,        )
                                )
        Defendant.              )

**ENTERED**
APR 1 4 1998

## MEMORANDUM OPINION

The United States commenced this action pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), on October 17, 1997. Its complaint alleges that Gulf States Steel, Inc. discharged pollutants into "Black Creek" (a navigable waterway in or about Gadsden, Alabama) in excess of permitted amounts.

The action presently is before the court on two motions: the motion of plaintiff-intervenor to dismiss his state law nuisance claims; and, the motion of the United Steelworkers of America, Locals 2176 and 4382, to appear as *amici curiae*. Upon review of those motions and the pleadings, this court determines that it would not be aided by oral argument. <u>Accordingly, this action is removed from the April 16, 1998 motion docket</u>.

### I. MOTION TO INTERVENE AS *AMICI CURIAE*

Locals 2176 and 4382 of the United Steelworkers of America ("the USWA Local Unions") seek to appear as *amici curiae*. The

USWA Local Unions do not wish to fulfill the usual role of *amici curiae* by simply filing briefs on issues as they arise. Rather, they ask this court to "grant them all rights to file pleadings and/or papers as if the USWA Local Unions were parties to this action." (Motion at 3.)

Perhaps sensing they desire a role broader than typical *amici*, the USWA Local Unions invoke the intervention procedure of 33 U.S.C. § 1365(B)(1)(b), which provides that an individual citizen may not commence an action under the Clean Water Act if the United States

> has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, <u>but in any such action in a court of the United States any citizen may intervene as a matter of right</u>.

28 U.S.C. § 1365(b)(1)(B)(emphasis supplied). A "citizen" further is defined as "a person or persons having an interest which is or may be adversely affected." *Id.* § 1365(g).

The USWA Local Unions may thus be permitted to intervene as parties if they have "an interest which is or may be adversely affected." They define their interests as follows:

> 5. Many of the USWA Local Union members that work at GSSI have been employed by GSSI for many years and are important to the economic stability of the Gadsden community. Consequently, the USWA Local Unions request to participate in this action to ensure that any environmental problems are remedied in a manner that is fair and reasonable to all concerned. ...
>
> 6. The imposition of monetary penalties upon GSSI of $25,000 or $27,500 per day per [sic] for each alleged violation will directly and adversely affect the competitive viability of GSSI. At the same time, many of

2

> the USWA Local Unions' members are residents of the area near the steel mill. Therefore, the USWA Local Unions wish to see any environmental problems remedied in a way that is fair and reasonable to all the relevant circumstances, and is crafted in a manner that does not adversely affect their interests in this matter.

(Motion at 2-3.) Those interests are not sufficient to permit intervention, however.

The Supreme Court has found that persons with "interests" under § 1365(g) are those "whose injuries are 'noneconomic' and probably noncompensable, and persons ... who assert that they have suffered tangible economic injuries <u>because of the statutory violations</u>." *Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S. 1, 17, 101 S.Ct. 2615, 2624, 69 L.Ed.2d 435 (1981). The USWA Local Unions do not allege any injury because of statutory violations. Rather, they allege a general economic interest in the ultimate outcome of the present litigation. Thus, if their motion were construed as seeking intervention as a matter of right pursuant to 33 U.S.C. § 1365(b)(1)(B), it would be denied.

Even so, the court finds that the USWA Local Unions should be allowed to appear as *amici curiae*. The aid of *amici* has been permitted at the trial level where: (1) such "friends of the court" may provide a helpful analysis of the law; or (2) the *amici* have a special interest in the subject matter of the suit; or (3) existing counsel are in need of assistance. *Bryant v. Better Business Bureau of Greater Maryland*, Inc., 923 F. Supp. 720, 728 (D. Md. 1996). Indeed, courts often approve the appearance of *amici curiae*

3

in lieu of intervention, because the *amici* alert the court to the legal contentions of concerned bystanders, while leaving the parties free to run their own case. *See Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991).

This court is of the opinion that able counsel for the USWA Local Unions will provide a helpful analysis of the law, and will express the interests of a group of concerned bystanders who could be impacted by the outcome of this litigation. Accordingly, this court finds that movants should be allowed to appear as *amici curiae* for the sole purpose of filing briefs in response to, or in furtherance of, motions raised by the parties to this action. However, the USWA Local Unions are **not** entitled to "all rights to file pleadings and/or papers as if [they] were parties to this action."

## II. MOTION TO DISMISS STATE LAW CLAIMS

This court permitted Jerry Williams to intervene pursuant to 33 U.S.C. § 1365(b)(1)(B), and to assert state law nuisance claims in addition to claims for violations of the Clean Water Act. Williams now seeks to dismiss those nuisance claims without prejudice, because he has filed a class action complaint in the Circuit Court of Etowah County, Alabama, CV-98-148-DWS. That class action raised, in part, nuisance claims against Gulf States Steel, Inc.

No party has objected to dismissal of the state law claims. Accordingly, this court finds those claims are due to be dismissed without prejudice.

## III. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 14th day of April, 1998.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　United States District Judge

5