UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| and | ) |
| JERRY WILLIAMS, | ) |
| Plaintiff-Intervenor, | ) |
| vs. | ) Civil Action No. CV-97-S-2755-M |
| GULF STATES STEEL, INC., | ) |
| Defendant. | ) |

FILED 98 MAY 13 AM 11: 29 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED MAY 13 1998

## MEMORANDUM OPINION

The United States commenced this action pursuant to Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), on October 17, 1997. Its complaint alleged that Gulf States Steel, Inc. discharged pollutants into "Black Creek" (a navigable waterway in or around Gadsden, Alabama) in excess of permitted amounts.

The action presently is before the court on the motion to intervene filed by L.E. McGriff and Herbert Patterson. McGriff and Patterson seek to intervene individually to assert claims based upon § 505 of the Clean Water Act. That section is codified as 33 U.S.C. § 1365, and provides that an individual citizen may not commence an action under the Act if the United States:

> has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, <u>but in any such action in a court of the United States any citizen may intervene as a matter of right</u>.

28 U.S.C. § 1365(b)(1)(B)(emphasis supplied). A "citizen" further is defined as "a person or persons having an interest which is or may be adversely affected." *Id.* § 1365(g).

McGriff and Patterson may thus be permitted to intervene if they have "an interest which is or may be adversely affected." McGriff and Patterson state their "interest" as follows:

> Plaintiff intervenors L.E. McGriff and Herbert Patterson are natural persons, residents and taxpayers living in the vicinity of Black Creek and Lake Gadsden. The Plaintiff intervenors enjoy fishing in the creek, lake and river, viewing the river and wildlife and other recreational pursuits involving the river. The state of the waters used by Plaintiff intervenors directly affects their health, recreational, aesthetic[,] and environmental interests.

(Complaint in Intervention ¶ 5.) Further, McGriff and Patterson claim that:

> The Defendant has adversely impacted the Plaintiff[s'] rights in the following respects, among others:
>
> a. Protecting and maintaining their health, safety and welfare in their homes, lands and community.
> b. Preserving and protecting the aesthetic quality of the environment.
> c. Protecting themselves from contact with polluted water or contaminated fish.
> d. Preventing the nuisance of polluted water contaminated by the Defendant.
> e. Preventing the pollution, contamination and destruction of their natural resources and natural water systems.
> f. Preventing irreparable harm to the environment.
> g. Protecting themselves from arbitrary government administrative action adn from violation of their rights to due process of law.

(*Id.* ¶ 9.) Those allegations demonstrate that McGriff and Patterson have a sufficient interest to intervene. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Company, Inc.*, 73 F.3d

2

546, 558 (5th Cir. 1996)(finding sufficient interest where intervenor "canoed and participated in educational trips" near the point of discharge and planned to do so in the future). Accordingly, this court finds that the motion to intervene is due to be granted as to McGriff and Patterson in their individual capacity. See Fed. R. Civ. P. 24(a)(1).

An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 13th day of May, 1998.

                                                 United States District Judge

3